66783, 66784. SLAUGHTER et al. v. THE STATE (two cases).

BANKE, Judge.

The state filed two separate condemnation actions to obtain ownership of a Mercedes automobile and a $175,037.55 certificate of deposit allegedly utilized by the appellant in connection with a drug transaction. Both actions were settled on January 14, 1983, with the appellant agreeing to pay the state $25,000 for the release of the

property. The court entered an order approving this settlement; and the appellant subsequently moved to vacate and set aside this order, contending that the agreement was unlawful because the attorney who negotiated it on his behalf improperly usurped the role of another attorney who was already representing him in the two actions and because the judge who approved the settlement improperly usurped the role of another judge to whom the cases had previously been assigned. *Held:*

The appellant's arguments on appeal set forth no ground for overturning the settlement agreement. Assuming *arguendo* that the new attorney violated some ethical consideration by becoming involved in the case, this cannot relieve the appellant from the consequences of his own action in hiring him. The settlement was not invalid under OCGA § 15-19-8 (Code Ann. § 9-603), which provides relief from the acts of an unauthorized attorney, as it is clear that the appellant specifically authorized the new attorney to act on his behalf in negotiating the agreement. Indeed, the appellant signed the agreement himself, thus indicating his personal approval of its terms, and it is undisputed that he was benefited by it. We thus find it unnecessary to reach the state's argument that the appellant may not attack the settlement without first tendering the return of the property.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED OCTOBER 18, 1983.

*Herbert Shafer,* for appellants.

*William J. Smith, District Attorney, Douglas C. Pullen, J. Gray Conger, Assistant District Attorneys,* for appellee.